## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 79.59.123.177,<br><br>Defendant. | Civ. Action No. 25-12318 (MAS) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge.**

**PRESENTLY** before the Court is a Motion by Defendant John Doe subscriber assigned IP address 79.59.123.177 ("Defendant") to Quash a Subpoena (the "Motion"). (Doc. No. 13). Plaintiff Strike 3 Holdings, LLC ("Plaintiff") opposes the Motion. (Doc. No. 14). The Court has fully considered the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown, the Court **DENIES** the Motion.

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

This action arises from Plaintiff's allegation that Defendant unlawfully distributed its copyright-protected adult films. (*See generally* Doc. No. 1). Plaintiff claims that Defendant—whose identity is not yet known—downloaded and distributed approximately 60 copyrighted adult films through BitTorrent, a network that allows users to share files through the internet. (Doc. No. 1 at ¶¶ 4, 17). Plaintiff's complaint alleges one count of copyright infringement and seeks a Court order enjoining Defendant from any further infringement and requiring Defendant to remove Plaintiff's copyrighted works from each device owned by Defendant. (Doc. No. 1 at p. 12). Plaintiff further seeks an award of damages and reasonable attorney's fees. (Doc. No. 1 at p. 13).

On July 10, 2025, Plaintiff filed a motion for leave to serve a third-party subpoena on Comcast Cable Communications, LLC (the "Subpoena"), Defendant's internet service provider ("ISP"), seeking only the name and address of the subscriber assigned to the IP address associated with the infringement at issue in this case (the "IP Address"). (*See generally* Doc. No. 8). For good cause shown, the Court granted Plaintiff's motion. (*See* Doc. No. 9). The Court further ordered that Plaintiff may only use the information disclosed in response to the Subpoena for the purpose of enforcing its rights as alleged in its complaint. (Doc. No. 9). The Court further ordered that Plaintiff may not engage in any settlement discussions with any individual associated

2

with Defendant or the IP Address unless that individual is represented by counsel. (Doc. No. 9).

Acting *pro se*, Defendant filed the instant Motion on September 17, 2025. (Doc. No. 13). Defendant raises three objections to the Subpoena. (Doc. No. 13). First, Defendant claims that an IP address does not establish liability, as several individuals could be associated with a single IP Address. (*See* Doc. No. 13). Second, Defendant argues that disclosure of his or her identity would result in reputational harm. (*See* Doc. No. 13). Third, and relatedly, Defendant claims that Plaintiff issued the Subpoena to coerce Defendant to reach a settlement. (*See* Doc. No. 13).

In opposition, Plaintiff argues that it need not establish liability at this stage because it properly pled a cause of action against Defendant. (*See* Doc. No. 14 at pp. 5-10). Plaintiff also contends that Defendant lacks standing to challenge the Subpoena on the basis of undue burden, and that reputational harm and stigma are not the type of harms contemplated by Rule 45 of the Federal Rules of Civil Procedure. (*See* Doc. No. 14 at pp. 11-13). Finally, Plaintiff submits that there is no risk of coercive settlement tactics because this Court previously ordered that it may not engage in settlement discussions with an unrepresented party without the supervision of the Court. (*See* Doc. No. 14 at pp. 13-15). Defendant did not reply.

## II.   LEGAL STANDARD

A party may seek discovery from non-parties provided they "take reasonable steps to avoid imposing undue burden or expense on a person subject to the

3

subpoena[,]" which is enforceable by the appropriate district court as defined by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 45(d)(1). The scope of permissible discovery under Rule 45 is the same as the scope permitted under Rule 26(b). *See in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021); *accord E.S. by and through Sanchez v. Elizabeth Bd. of Educ.*, No. 20-1027, 2022 WL 2106382, at *2 (D.N.J. June 10, 2022). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed R. Civ. P. 26(b)(1). The material "need not be admissible in evidence to be discoverable." *Id.*

Rule 45(d)(3) of the Federal Rules of Civil Procedure sets forth the bases on which the Court may quash a subpoena. Relevant here, the Court "must quash or modify a subpoena" that, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The movant bears the burden of persuasion to quash a subpoena. *See Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, No. 18-11273, 2022 WL 2533011, at *4 (D.N.J. July 7, 2022).

## III.    DISCUSSION

The Court first considers Defendant's objection that the identity of a subscriber assigned to an IP address is insufficient to establish liability for alleged copyright infringement. Information need not establish or defeat liability in order to be discoverable. Indeed, material need not even be admissible to be discoverable. Fed. R.

4

Civ. P. 26(b)(1). Instead, a party may obtain information relating to any nonprivileged matter that is relevant to the claims or defenses at issue and proportional to the needs of the case. *Id.* Here, to resolve this Motion, the Court need not determine whether Defendant's association with the IP Address is sufficient to prove that Defendant infringed on Plaintiff's copyrighted works. However, the identity of the individual subscribed to the IP Address is undoubtedly relevant to Plaintiff's claim. Indeed, while Defendant may not be the individual responsible for the copyright infringement, the identity of the individual subscribed to the IP Address will assist Plaintiff in discovering who is actually responsible for the conduct. Accordingly, the Court will not quash the Subpoena on that basis.

Second, Defendant contends that the Subpoena would cause severe reputational harm, constituting an undue burden under Rule 26(c). (*See* Doc. No. 13). Ordinarily, only the entity to whom a subpoena is directed has standing to claim undue burden. *Aetrex Worldwide, Inc. v. Burten Distrib., Inc.*, No. 13-1140, 2014 WL 7073466, at *4 (D.N.J. Dec. 15, 2014). "However, 'a party has standing to bring a Motion to Quash or modify a subpoena upon a nonparty when the party claims a personal privilege in the production sought.'" *Id.* (quoting *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007)). Here, Defendant invokes undue burden. While Defendant lacks standing to challenge the Subpoena on that basis, the Court finds

5

Defendant has standing to challenge the Subpoena on the grounds that it would disclose Defendant's sensitive information.[1]

Nevertheless, Defendant has not demonstrated any valid basis to quash the Subpoena. "[B]road claims of embarrassment and reputational damage do not amount to an 'undue burden' sufficient to quash or modify a subpoena." *Malibu Media, LLC v. Doe 24.0.91.59*, No. 16-1739, 2017 WL 1050573, at *2 (D.N.J. Mar. 20, 2017). Indeed, most lawsuits involve conduct of which others may disapprove. *Malibu Media, LLC v. John Does 1-18*, No. 12-07789, 2014 WL 229295, at *8 (D.N.J. Jan. 21, 2014). Moreover, as several courts have noted, if the Court were to quash the Subpoena on that basis, Plaintiff would be unable to enforce its rights. *Id.; see also Malibu Media*, 2017 WL 1050573, at *2. Accordingly, the Court cannot quash the Subpoena on that basis.[2]

Finally, Defendant argues that the Subpoena is part of a broader strategy to coerce a settlement. (*See* Doc. No. 13). The Court has already addressed Defendant's concern. In its July 11, 2025 order granting Plaintiff's request for limited discovery, the Court ordered that Plaintiff may not initiate settlement communications with any person associated with the IP Address unless that party is represented by counsel. (Doc. No. 9). If Defendant proceeds *pro se*, then settlement shall be conducted "under the

---

[1] The Court liberally construes the present motion in light of Defendant's status as a *pro se* litigant. *See Leonard v. Bayuk*, No. 23-21314, 2025 WL 1419813, at *4 (D.N.J. May 16, 2025).

[2] The Court notes that Defendant may seek to proceed under a pseudonym, such that his or her identity is not made public.

supervision of the Court." (Doc. No. 9). In light of that order, there is no risk that Plaintiff might use the information learned through the Subpoena to obtain an unfair settlement agreement. The Court therefore finds no legitimate basis to quash the Subpoena.

Accordingly, for good cause shown,

**IT IS** on this **6th** day of **April 2026** hereby

**ORDERED** that Defendant's Motion (Doc. No. 13) is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 13.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

7